## MICHAEL WELCH *vs.* JAMES WELCH.

Money belonging to an infant, and received from him by his brother, with directions to use it for the support of their parents, if necessary, and so used by the brother before any revocation of the directions, cannot be recovered by the infant upon his coming of full age.

CONTRACT for money had and received by the defendant to the plaintiff's use. Writ dated December 6, 1867. At the trial in the superior court, before *Rockwell*, J., it was agreed by the parties, (who were brothers,) that the plaintiff, in August 1852, being then under full age, enlisted into the military service of the United States, and the United States paid to the mayor of Lowell, on account of the enlistment, $95; that the mayor, by direction of the plaintiff, paid this money over to the defendant during that month; and that the father of the parties was living at the time in Lowell. The defendant then offered to prove that he received the money under an agreement with the plaintiff that it should be used for the support of their father and his family, if necessary; that he did so use the money, it being necessary; that their father had no means of support, and was sick, and died during the month; and that the money was spent in defraying the funeral expenses, and supporting their mother afterwards. But the judge excluded the evidence, " upon the ground that said agreement was voidable, and that the plaintiff, on arriving at full age, might well maintain this action, even though said evidence was true;" and, after a verdict for the plaintiff, reported the case for the revision of this court.

*R. B. Caverly*, for the plaintiff.

*J. C. Kimball & H. W. Boardman*, for the defendant.

COLT, J. The evidence offered by the defendant was rejected by the court on the ground that it only proved an agreemen which the plaintiff might avoid by bringing his action to recover the money on reaching his majority.

It has been held that the indorsement by an infant payee of a note cannot be set aside by him as void, so as to give him a right to recover of the maker, who has paid the indorsee before

notice that the order of payment is countermanded; and for the reason that the transaction has become executed in favor of his appointee, and cannot be opened without reinstating the maker. " It would be absurd," says Parker, C. J., in *Nightingale* v. *Withington*, 15. Mass. 272, 274, " to allow one, who has made a promise to pay to one who is an infant or his order, to refuse to pay the money to one to whom the infant had ordered it to be paid, in direct violation of his promise." Whether an infant may avoid an indorsement, or an order to pay money belonging to him, to a third person, before the order is executed, is another question.

The money which was paid by the plaintiff's direction to the defendant, in the present case, was paid on account of the plaintiff's enlistment in the military service of the United States, and belonged to him, and not to his father. *Taylor* v. *Mechanics' Savings Bank*, 97 Mass. 345. The defendant offered to prove that the money was received by him upon an agreement with the plaintiff that it should be used, if necessary, for the support of the plaintiff's father and family, and that it was so used. This evidence ought to have been received. It proved an executed agency ; a payment by the infant's direction which cannot, for the reasons suggested, be avoided in this action.

*Verdict set aside.*