### EDWIN H. FITZ *vs.* WILLARD COMEY.

Suffolk.   March 10. — June 24, 1875.   AMES & ENDICOTT, JJ., absent.

An agreement in writing by which the defendant, in consideration of the assignment
to him of one quarter part of a patent, agrees to pay the plaintiff a sum named
from the first profits of the said one quarter, provided that it shall produce that
amount over and above all expenses made in bringing it before the market for
practical use and sale, and that any further payment shall be left optional with the
defendant, to be made according to right and justice as he shall determine from the
profits of the patents, cannot be varied or controlled by evidence of an oral agree-
ment made at the execution thereof, by which the defendant, upon the same con-
sideration, was to pay the same sum if he ever realized so much over and above the
expenses of perfecting the invention and of bringing it into market, from the inven-
tion or from the principles involved therein, or for any mechanism of the same
character that might grow out of the invention.

MORTON, J.   The plaintiff's declaration contains two counts.
The first is upon a written contract by which the defendant, in
consideration of the assignment to him of one quarter part of a
patent, known as "the Switzer stop-motion for looms," agrees
to pay the plaintiff "the sum of three thousand dollars from
the first profits of the one fourth part of the aforesaid patent,
provided that the aforesaid one fourth of the patent shall pro-
duce the, amount of three thousand dollars over and above all
expenses made in bringing the same before the market for prac-
tical use and sale, and that any further payment shall be left
optional with the said Comey, of the second part, to be made ac-
cording to right and justice, as he, the said Comey, shall deter-
mine, from the profits of the aforesaid patent."

The second count is upon an oral agreement alleged to have
been made at the execution of said written agreement, by which,
upon the same consideration, the defendant agreed to pay the
plaintiff the sum of three thousand dollars, if he ever realized
that sum over and above the expense of perfecting the invention

and of bringing it into market, from the invention or from the principles involved in said invention, or for any stop-motion mechanism that might grow out of said invention.

At the trial, the plaintiff admitted that the defendant had realized no profits from the patent described in the first count, and abandoned all claim under it, and relied solely upon the second count.

The defendant requested the court to rule "that any contract made by Comey with Fitz before or at the time of the contract which was put in writing, if it related to the Switzer patent, or what might grow out of it, was merged." The learned judge who presided ruled in substance, in response to this request, that the oral agreement relied on, if made before the written contract, was merged in it; but if it was made at the time and entered into as an inducement and part consideration for the written contract, it might be supported.

We are of opinion that the last instruction was erroneous. A written contract is conclusively presumed to express the agreement of the parties to it as to the terms of the contract, and cannot be controlled or varied by proof of an oral agreement varying these terms, made before or at the time of the execution of the written contract. *Kimball* v. *Bradford*, 9 Gray, 243. *Doyle* v. *Dixon*, 12 Allen, 576. *Russell* v. *Barry*, 115 Mass. 300.

The alleged oral agreement in this case is not a collateral or independent contract, but its effect is to change one of the essential terms provided for in the written contract. The latter provides that the sum of three thousand dollars, the consideration of the assignment to the defendant, is payable upon the condition that the assigned one fourth of the patent shall produce that amount over and above expenses. The oral agreement provides that the same consideration of three thousand dollars is payable upon different conditions and under a different contingency. Its effect if allowed, would be to engraft upon the written instrument an additional oral stipulation which is inconsistent with the stipulation of the written contract upon the same subject matter. We are of opinion that the general rule, that a written contract cannot be controlled or varied by parol testimony, governs this case, and renders incompetent proof of the oral agreement alleged in the second count.

As this is decisive agains‹ the plaintiff's right to maintain his action, the other exceptions taken at the trial become immaterial.

*Exceptions sustained.*

*T. W. Clarke*, for the defendant.
*T. Weston, Jr.*, for the plaintiff.