EDWARD G. BYINGTON & another *vs.* JOHN B. SIMPSON & another.

Suffolk.    January 10. — 11, 1883.    FIELD & W. ALLEN, JJ., absent.

A. entered into a contract with B., as agent for C., to build two houses. After the first house was partly built, and a certain sum was due and unpaid for work thereon under the contract, A. refused to go on with the second house unless he received some security; and B. and C. thereupon executed and delivered to A. an instrument, in which they promised to pay him the sum so due within a time named, provided that A. should perform his part of the contract to build the house, and that all money paid by B. to A. on account of building the house, above the contract price, should be indorsed on the note. Afterwards A. completed both houses according to the contract. *Held*, in an action against B. and C. on the instrument signed by them, that there was a good consideration for the instrument.

CONTRACT, against John B. Simpson and Lucy Simpson, upon the following instrument in writing, signed by the defendants: "$500.    Boston, April 2, 1878.    Three months after date, we jointly and severally promise to pay to Edward Byington and Edward Lanpher, copartners under the firm name of Byington & Lanpher, five hundred dollars; provided that said Byington and Lanpher shall faithfully keep and perform their contract to build a house on lot No. 2 on Ray Street, in said Boston, in the county of Suffolk and Commonwealth of Massachusetts, according to 'specifications of materials to be furnished and labor to be performed in building a house on Ray Street for J. B. Simpson, agent.' Said specifications are dated January 18, 1878. Said contract is signed by E. G. Byington, Edward Lanpher and J. B. Simpson, agent, and is dated January 22, 1878. All money paid by said Simpson to said Byington and Lanpher on account of building said house, above six hundred dollars, shall be indorsed on this note. Said contract price being eleven hundred dollars. For value received." The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, upon agreed facts, in substance as follows:

The instrument declared on was signed by the defendants and delivered to the plaintiffs on the day of its date, under the following circumstances: The plaintiffs were engaged in building two houses upon two lots of land on Ray Street in Boston, the record title to which stood in the name of the defendant, Lucy Simpson,

VOL. XX.         10

under a contract signed by the plaintiffs and by " J. B. Simpson, agent." After the first house was partly built, and about $500 was due and unpaid for work thereon under the contract, the plaintiffs refused to go on with the second house unless there was some assurance of their pay, and asked J. B. Simpson to give them something that would satisfy them that they would be settled with when they got through. The next day J. B. Simpson brought them the instrument declared on, and the plaintiffs took the same, giving the following receipt therefor, signed by them : " $500. Boston, April 2, 1878. Received of J. B. Simpson and Lucy Simpson a condition note of $500, as collateral security on part payment on contract of building house on Ray Street, by contract, it being eleven hundred dollars. All money paid over $600 to be indorsed on said note."

The plaintiffs afterwards went on and completed both houses substantially in accordance with the contract; and, at the expiration of three months from the date thereof, payment of the instrument declared on was duly demanded, but the same has never been paid. Other than as may appear from the foregoing facts, there was no consideration for the instrument declared on.

If, upon these facts, the plaintiffs were entitled to recover, judgment was to be entered for them for $393.57 and interest; otherwise, judgment for the defendants.

*J. H. Benton, Jr.*, for the defendants.

*S. L. Powers,* (*G. W. Sanderson* with him,) for the plaintiffs.

BY THE COURT. The plaintiffs entered into a contract with " J. B. Simpson, agent," to build two houses. After the first house was partly built, and about $500 was due and unpaid for work thereon under the contract, the plaintiffs refused to go on with the second house unless they received some security, and the defendants thereupon executed and delivered the instrument in suit. There was a breach by Simpson of the building contract; the plaintiffs were not obliged to go on and perform it. Though not directly stated in the agreed facts, the necessary implication from what is stated is, that the plaintiffs agreed to, and did, waive the breach of the contract, and agreed to, and did, go on with its performance. This was a good consideration for the contract declared on in this suit.

*Judgment for the plaintiffs affirmed.*