IDA M. FROST *vs.* RUFUS H. BRIGHAM, executor.

Suffolk. Jan. 21. — Feb. 28, 1885. FIELD, DEVENS, & COLBURN, JJ., absent.

A release by a son of all his interest in the estate of his father given him by his father's will, is not a bar to an action by the son, against the executor of his father's will, on a promissory note given the son by his father in his lifetime.

The terms of a settlement of certain claims of A. against the estate of B. were reduced to writing, and, in an action by A. against the executor of B.'s will on another claim, the executor relied upon the settlement as a bar to the action. *Held*, that oral evidence was incompetent to show that the claim in suit was understood at the time to be embraced in the settlement. *Held, also,* that the executor could not be allowed to testify that he would not have made the settlement, except on the ground that every claim was released. *Held, also,* that the omission of A. to mention the claim could not be considered as fraudulent.

CONTRACT upon a promissory note for $400, dated December 25, 1874, payable on demand to the order of the plaintiff, and signed by Francis Brigham, the defendant's testator. The answer alleged that the defendant, as executor of the will of said Brigham, had made a full settlement with the plaintiff for all claims and demands which she had against the testator or his estate, and had paid her in full therefor, and taken her conveyance and release for the same; and also alleged fraud on the part of the plaintiff in withholding the note from the defendant at the time of the settlement. After the filing of the answer, under an order of the court made on the plaintiff's motion, the defendant filed, as the " conveyance and release " relied on in the answer, an instrument dated October 25, 1881,

by which the plaintiff, in consideration of $17,000 paid by the defendant, and by Wilbur F. Brigham and Waldo B. Brigham, sold, assigned, and conveyed to them "all my interest in the estate of my late father, Francis Brigham, . . . . given to me by the will of said Francis," except her interest in the homestead estate of her father situated in Hudson; and authorized them to collect "my said share of my father's estate under his will;" and requested the executor of her father's will to pay over to them "all that may belong to me under my said father's will, except as aforesaid."

Trial in the Superior Court, before *Pitman*, J., who reported the case for the determination of this court, in substance as follows:

The plaintiff put in the note, and rested her case.

The defendant, besides putting in the above-named instruments and a quitclaim deed, dated October 20, 1881, by which the plaintiff conveyed to the same persons named in the other instrument, for the same consideration, "all my right, title, and interest as heir at law of the said Francis Brigham, or as devisee or legatee under his will," in the residue of his estate, except his homestead estate; also "all her rights and interest in property in Bolton, Mass.," under objection of the plaintiff, offered the following testimony, which was received *de bene:*

The defendant testified that he was the son of Francis Brigham, deceased (and half-brother of the plaintiff), and the executor of his will, and was appointed as such on November 1, 1881; that his father died on December 7, 1880; that the probate of the will was opposed by the plaintiff, but that a settlement was effected and the will admitted to probate, and, as a part of said settlement, the above release and deed were executed at the time of their dates; that nothing was said by the plaintiff at or before this settlement about the note in suit; that he first saw this note at the office of the attorney for the plaintiff, on December 3, 1881, after he had paid him some money for the plaintiff, and taken his receipt; that at the time of the settlement before alluded to, the plaintiff said to himself and brothers, that, if they would give her $17,000, she would release all her claims against the estate; and that this was all he recollected that was said.

Waldo B. Brigham, another brother, testified that there had been, for some time previously to the settlement before alluded to, discussions with the plaintiff; that on October 25, 1881, he was present with his brothers at the office of the plaintiff's attorney; that, after the papers were made out, the brothers objected to signing, because they did not contain the essence of the bargain previously made; that they told him they wanted it fixed so as to release all claims of every kind, and that they heard she had an interest in the Bolton property; that the attorney objected to any alteration of the deed; but that she said, " Put it in," that she wanted to settle everything; and it was inserted as appears in the deed; and that she said that for the $17,000 she would release everything but her interest in the home place, that she wanted to settle everything between them, and that she wanted no more trouble.

The plaintiff objected to all this testimony as to the conversation at the time of the execution of the release and deed as incompetent, on the ground that it was an attempt to vary and enlarge written instruments and agreements by parol testimony, and for other reasons.

The defendant's counsel also proposed to ask both the brothers, who testified as above, this question: " As one of the heirs and legatees, or as the future executor of the will, would you have paid to the plaintiff the $17,000 except upon the ground that she released every claim against said Francis Brigham's estate?" But the judge excluded the question.

This was all the evidence for the defendant; and the judge thereupon ruled that there was no competent evidence of any agreement or settlement other than of the matters set forth in the release and deed, and no competent evidence to show that the note in suit was embraced in any settlement, or to show any fraud in relation thereto, as set up in the answer; and directed the jury to return a verdict for the plaintiff. If there was error in the exclusion of evidence, or in the ruling made, a new trial was to be ordered; otherwise, judgment to be entered on the verdict.

*J. T. Joslin*, (*G. A. King* with him,) for the defendant.

*W. H. H. Andrews*, for the plaintiff, was not called upon.

C. ALLEN, J. By the terms of the answer, by filing in court the instrument referred to in the answer as the plaintiff's

conveyance and release, by the introduction in evidence of this instrument and of the plaintiff's deed, and by the whole course of the trial, it is apparent that the chief ground relied on by the defendant was a settlement by the plaintiff of the note in suit, whereby the same was paid in full. Indeed, the report discloses no other defence; and, but for the settlement, no defence, apparently, would have been urged. Upon an examination of the instrument called a conveyance and release, it is quite plain that it does not embrace the note. The instrument, indeed, appears to have been carefully drawn with a view to make it plain that what the plaintiff thereby released was only what she would otherwise have been entitled to take under her father's will, in case it should be allowed. The deed conveys only her interest as heir at law, or as devisee or legatee under the will.

The defendant then sought by parol evidence to show that, in point of fact, it was understood that the settlement should include all claims whatever which the plaintiff might hold against the estate, as creditor or otherwise. The difficulty with this view is, that the terms of the settlement were reduced to writing, and the defendant has not sought to rescind and set aside the settlement so made, but he relies upon it as a bar to this action, and introduces the written instruments in support of it; and, under such circumstances, it is incompetent to prove by oral testimony that other claims not included in the writings were understood at the time to be embraced in the settlement. As was said by the court in *Doyle* v. *Dixon*, 12 Allen, 576, 579, " The evidence offered can be considered in no other light than as an attempt to engraft upon the written instrument an additional oral stipulation founded upon the same consideration and entered into at the same time with the written contract between the parties." See also *Fitz* v. *Comey*, 118 Mass. 100; 1 Chit. Con. (11th Am. ed.) 141, 153, 156.

Since the defendant relied in his defence upon this settlement, the only question of fraud presented was whether it was fraudulent in the plaintiff not to deliver up the note in suit, at the time of the settlement. But this omission could not be considered as fraudulent, because there was no competent evidence to show that the note was embraced in the settlement, and that it ought to be delivered up. The writings, so long as they stand,

and are not set aside, must be deemed to show conclusively what was settled.

The exclusion of the question to the defendant and his brother furnishes no ground of exception. The witnesses were obviously expected to answer the question in the negative. But this would not be pertinent to any issue which was open to the defendant; and the opinion of the witnesses respecting the course they would have taken if they had known something which apparently they did not know could not, in the absence of fraud on the part of the plaintiff in procuring the settlement, enlarge the rights of the defendant against the plaintiff. *Stewart* v. *Harvard College*, 12 Allen, 58, 68. *Commonwealth* v. *Butterick*, 100 Mass. 1, 9. *Palmer* v. *Pinkham*, 33 Maine, 32.

*Judgment on the verdict.*