## FREDERICK L. STIFF vs. HORACE G. KEITH.

Plymouth.    Oct. 19, 1886. — Jan. 6, 1887.    DEVENS & W. ALLEN, JJ.,
absent.

A contract of bailment, made by the bailee with the agent of an undisclosed principal, who is a minor, cannot be rescinded by the bailee on the ground of the bailor's minority, without delivering the goods to him, even if the contract is voidable; and it is immaterial that the bailee would not have made the contract, if he had known that the bailor was a minor.

HOLMES, J.  This is an action of contract alleging a bailment by the plaintiff to the defendant, and a refusal to deliver.  There was evidence tending to show that the defendant made such a contract with the plaintiff's father, and that the father was acting as the plaintiff's agent, and stated that he was acting for another, but did not disclose the name of the plaintiff, who was his son, and only fifteen years old.  There was also evidence of a refusal to deliver.

The defendant's counsel states the main question raised by the exceptions to be whether a contract, not for necessaries, made by an agent on behalf of an undisclosed principal, who is a minor, can be enforced by the minor in his own name after the defendant has repudiated it.  The question, in fact, is not so broad.  It is not even whether the defendant could or could not have declined to remain the bailee of the plaintiff after discovering that the plaintiff was a minor, but whether, on the ground of that discovery, he could justify a refusal to deliver the goods to the plaintiff, from whom he had accepted a bailment of them.  We may remark, in passing, that the defendant does not seem to have put his refusal to deliver upon this ground, but upon a denial that he had made any contract whatever with the alleged agent.  The defendant "stated that he knew neither of them in the business."

It is impossible to say that no contract is made when the undisclosed principal is a minor.  A minor can make a contract, although his contract is voidable.  Whenever there is a principal capable of contracting, and the other formal elements of a contract are present, a contract is made.  It is true that the minority of the principal, and his consequent right to avoid, if

known, would give a motive for not making a contract with him. But the greatest effect which could be attributed to that consideration would be to hold the contract voidable by the other party on that ground. When a contract is void, it is always for want of some formal constituent. When a party has been allowed or induced to make a contract perfect in its formal constituents, upon motives different from those which the facts would hav offered, if known, the contract is never more than voidable.

Whether this contract was voidable, we need not consider. It seems on its face to have been terminable at will. But, even if it was voidable, it could be avoided only by surrendering the goods to the bailor. This would be very plain, if the goods had been actually delivered by the bailor to the bailee. The essence of rescission is, that it restores things to the condition they were in before the contract was made. The same thing is true, although a little more disguised, when, as here, the goods were already in the hands of the defendant as bailee for another. By becoming bailee for the plaintiff, he admitted the plaintiff's right of possession, as against himself, subject to any lien he might have. It cannot be said that this is merely an effect of the contract, and disappears with the contract when rescinded. It is an admission preliminary to the contract, on the faith of which the plaintiff leaves the goods in the defendant's hands. The defendant must stand to his admission, if he wishes to repudiate his contract. He has not done so, and therefore, if for no other reason, the contract has not been successfully rescinded. It follows, that the rulings requested, so far as not plainly wrong, were not material, upon the admitted facts.

*Boston Ice Co.* v. *Potter*, 123 Mass. 28, cited by the defendant, throws no light on the doctrine of undisclosed principal. The plaintiff in that case did not seek to recover, as principal, upon a contract made with its predecessor in business, but upon a new one, to be implied with itself, which the court held could not be implied.

It follows from what we have said, that the defendant's evidence that he would not have made the contract declared upon with a minor, was rightly rejected. It went merely to strengthen the grounds for holding the contract voidable. *Frost* v. *Brigham*, 139 Mass. 43, 47.

The instruction requested after the charge is open to the same objections as the others. For there was no evidence of any fraud as against the defendant. It is unnecessary to consider whether, under other circumstances, the court might have been bound to consider it. See *McMahon* v. *O'Connor*, 137 Mass. 216.

*Exceptions overruled.*

*J. M. Day & T. C. Day*, for the defendant.
*H. Kingman*, for the plaintiff.