## Jacob H. Fairbanks *vs.* Margaret P. Snow.

Worcester. October 3. — 20, 1887. C. Allen & Knowlton, JJ., absent.

In an action by the payee against the maker of a promissory note, it is no defence, that the defendant, a married woman, was induced to sign the note by threats made to her by her husband, if the payee took the note in ignorance thereof.

Holmes, J. This is an action upon a promissory note made by the defendant and her husband to the order of the plaintiff. The defendant alleges that her signature was obtained by duress and threats on the part of her husband. The judge below found for the plaintiff, on the ground, it would rather seem, that, whether there was duress or not, the defendant had ratified the note, which there seems to have been evidence tending to prove. See *Morse* v. *Wheeler*, 4 Allen, 570; *Rau* v. *Von Zedlitz*, 132 Mass. 164. But as this may not be quite clear, we proceed to consider the only exception taken by the defendant. The judge refused to rule that, if the defendant signed the note

under duress, it was immaterial whether the plaintiff knew, when he received the note, that it was so signed. The exception is to this refusal.

No doubt, if the defendant's hand had been forcibly taken and compelled to hold the pen and write her name, and the note had been carried off and delivered, the signature 'and delivery would not have been her acts; and if the signature and delivery had not been her acts, for whatever reason, no contract would have been made, whether the plaintiff knew the facts or not. There sometimes still is shown an inclination to put all cases of duress upon this ground. *Barry* v. *Equitable Life Assurance Society*, 59 N. Y. 587, 591. But duress, like fraud, rarely, if ever, becomes material as such, except on the footing that a contract or conveyance has been made which the party wishes to avoid. It is well settled that where, as usual, the so-called duress consists only of threats, the contract is only voidable. *Foss* v. *Hildreth*, 10 Allen, 76, 80. *Vinton* v. *King*, 4 Allen, 562, 565. *Lewis* v. *Bannister*, 16 Gray, 500. *Fisher* v. *Shattuck*, 17 Pick. 252. *Worcester* v. *Eaton*, 13 Mass. 371, 375. *Whelpdale's case*, 5 Rep. 119 a. 1 Bl. Com. 130.

This rule necessarily excludes from the common law the often recurring notion just referred to, and much debated by the civilians, that an act done under compulsion is not an act in a legal sense. *Tamen coactus volui.* D. 4. 2. 21, § 5. See 1 Windscheid, Pandekten, § 80.

Again, the ground upon which a contract is voidable for duress is the same as in the case of fraud; and is, that, whether it springs from a fear or from a belief, the party has been subjected to an improper motive for action. See *Rodliff* v. *Dallinger*, 141 Mass. 1, 6; *Stiff* v. *Keith*, 143 Mass. 224. But if duress and fraud are so far alike, there seems to be no sufficient reason why the limits of their operation should be different. A party to a contract has no concern with the motives of the other party for making it, if he neither knows them nor is responsible for their existence. It is plain that the unknown fraud of a stranger would not prevent the plaintiff from holding the defendant. *Master* v. *Miller*, 4 T. R. 320, 338. *Masters* v. *Ibberson*, 8 C. B. 100. *Sturge* v. *Starr*, 2 Myl. & K. 195. *Pulsford* v. *Richards*, 17 Beav. 87, 95. *White* v. *Graves*, 107 Mass. 325.

The authorities with regard to duress, however, are not quite so clear. It is said in *Thoroughgood's case*, 2 Rep. 9, that " if a stranger menace A. to make a deed to B., A. shall avoid the deed which he made by such threats, as well as if B. himself had threatened him, as it is adjudged 45 E. 3. 6." Sheppard, Touchstone, 61, is to like effect. See also *Fowler* v. *Butterly*, 78 N. Y. 68. But in Y. B. 43 E. III. 6, pl. 15, which we suppose to be the case referred to, it was alleged that the defendant was imprisoned by the procurement of the plaintiff. And we know of no distinct adjudication of binding authority that mere threats by a stranger, made without knowledge or privity of the party, are good ground for avoiding a contract induced by them.

In Keilwey, 154 a, pl. 3, " the defendant in debt pleaded that he made the obligation to the plaintiff by duress of imprisonment [on the part] of a stranger, and the opinion of Rede and others was that this is not a plea without making the obligee party to this duress."

In *Taylor* v. *Jaques*, 106 Mass. 291, 294, it was said that the defendant had to prove that he signed the note " under a reasonable and well-grounded belief, derived from the conduct and declarations of the plaintiffs, that if he did not sign it he would be arrested," &c. See *Green* v. *Scranage*, 19 Iowa, 461, 466; *Talley* v. *Robinson*, 22 Grat. 888; *Bazemore* v. *Freeman*, 58 Ga. 276; and the cases as to purchasers for value; *Clark* v. *Pease*, 41 N. H. 414; *Duncan* v. *Scott*, 1 Camp. 100. See also *Gilbert* v. *Stone*, Aleyn, 35; *S. C.* Style, 72; *Scott* v. *Shepherd*, 2 W. Bl. 892, 896.

*Loomis* v. *Ruck*, 56 N. Y. 462, was decided on the ground that, if the non-negotiable note in suit was in the first instance a contract between the plaintiff and the defendant, it was obtained through the agency of the defendant's husband in such a way as to make the plaintiff answerable for his conduct. Moreover, the older writers likened duress to infancy, and took a distinction between feoffments, &c. by the party's own hand, and acts done by letter of attorney, regarding the latter as wholly void. 2 Inst. 483. Finch, Law, 102. It has been held in New York and some other States, as well as in England, that a power of attorney given by an infant is void. *Fonda* v. *Van Horne*, 15 Wend. 631. *Knox* v. *Flack*, 22 Penn. St. 337. *Saunderson* v. *Marr*,

1 H. Bl. 75. And if this supposed analogy were followed, the contracts in all the New York cases which we have cited would be void by the law of that State for want of a personal delivery by the defendant to the plaintiff. There may be still other explanations of the decisions.

In the present case it does not appear who delivered the note, and does not clearly appear that the defendant did not deliver it herself. The distinction as to powers of attorney has been limited, if not wholly done away with, in Massachusetts, in regard to infants. *Whitney* v. *Dutch*, 14 Mass. 457, 463. *Welch* v. *Welch*, 103 Mass. 562. *Moley* v. *Brine*, 120 Mass. 324. But we express no opinion as to the effect of duress upon such powers, oral or written.

On the case as it is presented to us, we are of opinion that the ruling requested was wrong upon principle and authority.

*Exceptions overruled.*

*A. Norcross & H. C. Hartwell,* ( *C. F. Baker* with them,) for the defendant.

*W. S. B. Hopkins & S. Haynes,* for the plaintiff.