PATRICK J. MᶜGUINNESS *vs.* PHILIP SHANNON.

Worcester.　March 20, 1891. — June 25, 1891.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Written Contract — Oral Agreement.*

In an action to recover a balance due for building a house for a fixed price, under a written contract which did not require the plaintiff to do the papering, the defendant sought to deduct a sum paid by him for doing the same under a new agreement, which he contended became a part of the written contract; but the only evidence thereof was his testimony that he told the plaintiff, after the execution of the contract and before they separated, that "there was on the back of the paper, written on with pencil, there was fifty dollars to be allowed for papering," and that the plaintiff said he understood it. *Held,* that the alleged agreement was to be treated as an oral agreement made substantially at the same time, which was inconsistent with the written contract and could not have the effect to vary it.

CONTRACT to recover a balance due under a building contract. Trial in the Superior Court, before *Blodgett,* J., who ruled, against the defendant's objection, that a certain claim of the defendant could not be sustained upon evidence introduced by him, and directed the jury not to consider it; and, after a verdict for the plaintiff, the defendant alleged exceptions. The nature of the claim and the evidence appears in the opinion.

*F. A. Gaskill,* for the defendant.

*W. A. Gile,* for the plaintiff.

ALLEN, J.　The plaintiff built a house for the defendant for a fixed price, under a written contract and specifications which did not require him to do the papering; and he now sues to recover the balance due therefor. The defendant seeks to deduct fifty dollars, that being the sum paid by him for papering the house. To sustain this claim of deduction, he offered evidence tending to show that on the day when the contract was executed, and before the parties separated, the plaintiff orally agreed to do the papering also, or to allow the defendant fifty dollars for doing it. The defendant now contends that there was some evidence that this new agreement became a part of the written contract; but there is nothing to support this contention except the defendant's testimony that he told the plaintiff, "There was

on the back of the paper, written on with pencil, there was fifty dollars to be allowed for papering," and the plaintiff said he understood it.   There is nothing to show that the writing itself, if any there was, was before the court, or what the words written really were.   The whole effect.of the defendant's testimony is merely that the plaintiff agreed to the new provision orally, and not that it was mutually understood that a new clause, written on the contract, should be deemed to be incorporated into it as a part of the written contract.   We cannot think that this view, which is now suggested in argument, was presented to the judge at the trial, especially as no copy of the memorandum is furnished and the defendant's testimony itself is so very vague.   Indeed, looking at it narrowly, he did not even testify that there was in fact such a memorandum, but only that he told the plaintiff that there was.   It must therefore be treated merely as an oral agreement, which was inconsistent with the written agreement, and was made substantially at the same time, and it cannot have the effect to vary it.   It was not an alteration of the written contract by a subsequent new oral agreement between the parties, and in this respect it closely resembles *Clark* v. *Houghton*, 12 Gray, 38, 41.   See also *Doyle* v. *Dixon*, 12 Allen, 576; *Fitz* v. *Comey*, 118 Mass. 100; *Frost* v. *Brigham*, 139 Mass. 43.                    *Exceptions overruled.*