JAMES A. ROCHFORD *vs.* MARTHA M. ATKINS & others.

Suffolk.    November 20, 1912. — January 29, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bond,* Execution.    *Evidence,* Presumptions and burden of proof.

At the trial of an action against a married woman upon a bond to dissolve a me-
chanic's lien, it appeared that the original of the bond was lost, and the defend-
ant testified that she had no memory of signing the bond, that she would rather
say that she did not sign it than that she did, that that would be truer, that at
about the date of the execution of the bond she was ill, that, if her signature was
obtained, it was obtained by force or coercion practised upon her by her husband,
and that her relations with him at that time were strained.  There was evidence
tending to show that she had an interest in the premises upon which the lien was
claimed, that she had been in court at different times in connection with the
suit to establish the lien, that her attorney had prepared the bond and had given
it to her husband, who took it away with him, and that the other signers of the
bond were the husband and one to whom the defendant had conveyed the prop-
erty by a foreclosure deed before the filing of the bond.  *Held,* that the question,
whether the defendant executed the bond, was for the jury.

SHELDON, J.    This is an action upon a bond given to dissolve a
mechanic's lien under R. L. c. 197, § 28.  The plaintiff is entitled
to hold Mrs. Atkins if the bond was executed by her; and the case
comes before us, after a verdict for that defendant,* upon the plain-
tiff's exception to a ruling made at the trial that there was no evi-
dence that she had executed the bond.

The original bond had been lost and could not be produced at
the trial.  The defendant testified that she had no memory of ever
signing the bond, that she would rather say that she did not sign
it than that she did, that this would be truer, that she had no recol-
lection of doing such a thing.  She also testified that at about the
date of the execution of the bond she was ill, and that, if her signa-
ture was obtained, it was obtained by force or coercion practised
upon her by her husband, that her relations with him then were
very much strained.  There was evidence that she had an in-
terest in the premises on which the lien was claimed, and that
she was in court at different times in connection with the suit to
establish the lien.  A lawyer testified that he had been attorney

* The case was tried before *Brown,* J., who ordered a verdict for the de-
fendant Martha M. Atkins.

for her in that suit, and had prepared a bond to be given to dissolve the lien. Being shown a certified copy of the bond sued on, he testified that he drew the bond of which that was a copy, and put it into the hands of her husband, who took it away with him. The other signers of the bond purported to be her husband and a Mrs. Clark, to whom before the filing of the bond the defendant had conveyed the property by a foreclosure deed.

The question is very close, but with some hesitation we. are of opinion that it should have been submitted to the jury. The defendant had an interest to give the bond and dissolve the lien which was claimed. It does not appear that any one else except Mrs. Clark, her grantee, had such an interest. She knew of the plaintiff's claim of a lien, employed counsel, and appeared personally in court to contest it.. The bond was drawn by her attorney, and it is not an unreasonable inference that he acted at her request. She went no further in denying her execution of it than to say that she did not remember having done so. But she testified without qualification that, if she did sign it, her signature was obtained by the force or coercion of her husband. She did not intimate that he had forced her to sign any other papers or to perform any other act. It might with plausibility be argued that she meant to say that, if she had signed this bond, then she remembered distinctly that her husband had forced her to do so. But this might be regarded as an indirect admission of her signature; for plainly she could not remember that she had done it under duress if she could not remember that she had done it at all. Of course the weight of this argument would have been much lessened if there had been anything to show that her husband had forced her to sign any paper which might have been this bond, or even that he had some interest in obtaining the dissolution of the lien. But there was no such evidence.

If she executed the bond under duress of her husband without any fault or privity of the plaintiff, this would not necessarily afford a defense to the present action. *Fairbanks* v. *Snow,* 145 Mass. 153. *Phillips* v. *Chase,* 203 Mass. 556, 565.

*Exceptions sustained.*

*W. Hirsh,* for the plaintiff.

*E. F. McClennen & C. S. Hill,* (*R. G. Kilduff* with them,) for the defendant Martha M. Atkins.