ROBERT E. GUSTAFSON *vs.* ALFRED G. DOYLE.

Bristol.    October 29, 1952. — November 26, 1952.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Beneficiary not a party.    *Actionable Tort.*

Even if one employing a veteran apprentice for "on-the-job" training under the Federal "G. I. Bill of Rights," as amended, contracted with the Federal government to pay the apprentice wages at the rate stated in an application made by the employer for recertification as an eligible employer, the apprentice was not a party to any such contract and could not recover from the employer thereunder the difference between wages at the stated rate and wages at a lesser rate actually paid the apprentice from the time of the application to the end of the training period; nor was any ground of liability in tort on the part of the employer to the apprentice shown.

CONTRACT OR TORT. Writ in the Third District Court of Bristol dated April 10, 1950.

The action was heard by *Potter*, J.

In this court the case was submitted on briefs.

*George H. Young*, for the plaintiff.

*Fred M. Thomas & George M. Thomas*, for the defendant.

SPALDING, J. This is an action of contract or tort in two counts. Originally it was brought against three defendants, but it was agreed at the trial that relief was sought only against Alfred G. Doyle, who will hereinafter be called the defendant. The judge found for the plaintiff on the first count and for the defendant on the second. The Appellate Division vacated the finding on the first count and ordered judgment for the defendant on both counts. The plaintiff appealed.

Findings of the judge pertinent to this appeal and facts not in dispute are as follows: Early in January, 1946, the plaintiff, a veteran of World War II, informed the defendant, who carried on a bakery business in New Bedford, that he would like to be employed as an apprentice in order to learn the business. He told the defendant that he intended to avail himself of the provisions of Public Law 346 (the so called G. I. Bill of Rights)[1] under which he would be granted a subsistence allowance during his "on-the-job" training period. Before such an allowance would be paid it was necessary that the defendant be certified as a person eligible to train the plaintiff. The defendant applied for such certification and it was granted. Thereafter the plaintiff commenced to work for the defendant as an apprentice. At the outset the compensation agreed upon by the parties was fifty cents an hour. From March, 1946, to January 2, 1948, when the training period ended, the plaintiff was paid fifty-five cents an hour. Under the provisions of Public Law 679[2] (effective on August 8, 1946) amending Public Law 346 it was necessary for the defendant to be recertified as an eligible employer. Accordingly on May 29, 1947, the defendant applied to the Board of Collegiate Authority[3] (the appropriate approving agency) for

---

[1] 58 U. S. Sts. at Large, 284, c. 268 (1944); U. S. C. (1946 ed.) Title 38, § 701 (f), Vet. Reg. No. 1 (a), Part VIII, following U. S. C. (1946 ed.) Title 38, § 739 (1946).

[2] 60 U. S. Sts. at Large, 934, c. 886 (1946).

[3] See St. 1943, c. 549, § 1.

recertification and it was granted on July 15, 1947. In this application, which was signed by the defendant, the following appears under item 12:

"Trainees wage at beginning of training $23.10 wk.
　　　　　　　end of 1st 6 mo.　　　　27.80 wk.
　　　　　　　end of 2nd 6 mo.　　　　32.50 wk.
　　　　　　　end of 3rd 6 mo.　　　　37.20 wk."

These figures were supplied by the defendant. "No attempt was made by the Veterans' Administration to fix the pay of a trainee except that it would not approve or consent to employment if it was thought that the wages to be paid . . . were not about what was current in the locality."

The first count — and the one on which the plaintiff prevailed in the trial court — seems to sound in contract. Under it the plaintiff seeks to recover the difference between the wages actually paid by the defendant and those listed in item 12 of the application for the period between May 29, 1947 (the date of the application), and the end of the training period. It is apparent from various rulings of the trial judge that his finding for the plaintiff was grounded on contract. The plaintiff, however, seeks to support the finding on the basis of either contract or tort. Since in our view of the case the plaintiff was not entitled to recover on either theory, the pleadings are of little or no importance.

The defendant claimed a report to the action of the judge with respect to numerous requests for rulings, but we shall deal with only one (the plaintiff's request) as it is decisive of the case. This request, which was granted, asked for a ruling that the "enactment by the Congress of Public Law 679, amending Public Law 346, effective August 8, 1946, pursuant to which the defendant on May 29, 1947, applied for and received recertification as an approved employer of the plaintiff veteran for on-the-job training, in which application, and under such approval, the defendant volunteer [*sic*] step-up increases in wages to the plaintiff, as set forth in the application for approval, entitles the plaintiff to recover from the defendant."

Gustafson *v.* Doyle.

This ruling was erroneous. It is not disputed that the wages actually paid to the plaintiff by the defendant were less than those appearing in item 12 of the application. But it does not follow that the plaintiff is entitled to recover this difference from the defendant. The Federal statutes referred to above under which the plaintiff was aided do not purport to give him a cause of action in a situation like the present, and he does not so contend. His right to recover must be found in the law of this Commonwealth. If we assume in the plaintiff's favor that the statements contained in item 12 of the application amounted to a binding contract with the Federal government to pay those wages to the plaintiff, he still cannot prevail. It is settled by our decisions that no action can be maintained by the beneficiary of a contract who is not a party thereto. *Mellen* v. *Whipple*, 1 Gray, 317. *Exchange Bank of St. Louis* v. *Rice*, 107 Mass. 37. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 413. *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139, 143. *Green* v. *Green*, 298 Mass. 19, 20. As these cases show, there are several exceptions to this rule but the plaintiff's case does not come within any of them.

The contention, for which no authority is cited, in support of recovery in tort is without merit. It cannot be said on this record that in making the statements contained in the application the defendant violated any duty owed to the plaintiff.

*Order of Appellate Division affirmed.*