DAVID S. WRIGHT *vs.* HEIL EQUIPMENT COMPANY.

Suffolk.     February 5, 1970. — February 26, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Bailment.  Negligence,* Bailee.  *Proximate Cause.*

Evidence of the circumstances in which a $12,000 tractor brought for
  repairs to the premises of a bailee for hire on a busy city street was
  left untended for approximately twelve hours behind a six foot high
  fence, the gate to which was padlocked with an ordinary lock having
  easily duplicated keys, and set off from other trucks and pointed
  toward the gate, "ready to roll," warranted findings that the bailee
  was negligent with respect to the tractor and that such negligence was
  causally related to a theft of the tractor during the night.

CONTRACT OR TORT.     Writ in the Superior Court dated
November 18, 1964.

The action was tried before *Coddaire,* J.

The case was submitted on briefs.

*Robert Fulton* for the defendant.

*Francis X. Bellotti & Cornelius F. Daly, Jr.,* for the
plaintiff.

SPALDING, J.  The declaration in this action of contract
or tort originally contained three counts.  Count 1 (contract)
and count 3 (conversion) having been waived, the case was
tried on count 2.  In this count the plaintiff sought to
recover for the loss of a Mack diesel tractor on or about
November 30, 1962, which the plaintiff had entrusted to the
defendant for repairs, and which, by reason of the defen-
dant's alleged negligence, was not returned.

At the close of the evidence the defendant presented a
motion for a directed verdict, which was denied, subject
to the defendant's exception.  The jury returned a verdict
for the plaintiff.  The sole question is whether the judge
erred in submitting the case to the jury.

We summarize the evidence most favorable to the plain-
tiff.  On November 30, 1962, the plaintiff brought his

diesel tractor, with the trailer attached, to the defendant for repairs. The work was completed the same day and the trailer and tractor were left in the middle of the yard, pointed toward the gate, "ready to roll." The ignition key was removed and placed in the stock room, and the gate was padlocked about 6:30 P.M. The following morning the defendant's employee was unable to open the gate with his key. After entering the yard through the office door he discovered that the tractor was gone, and that the hydraulic connection with the trailer had been broken off.

The defendant's business is located on the corner of a busy intersection in Brighton. It is surrounded by a six foot chain fence topped with barbed wire. The gate to the yard was locked with an ordinary padlock obtainable at any hardware store, the keys to which could be easily duplicated. While the sidewalks on each side of the intersection were lighted by street lights, "[t]here were no lights in the area where the trucks were stored except the street lights." [1] There was no alarm system either in the building or yard, and there was no night watchman or watchdogs. A diesel tractor can easily be started without the ignition key; it can be "jumped around the solenoid with a jumper wire."

At the time of the theft the plaintiff's tractor had a value of $12,000. The total value of the property in the yard belonging to the defendant was between $25,000 and $30,000.

A bailee for hire is bound "to exercise that degree of care which would reasonably be expected from an ordinarily prudent man in similar circumstances." *Butler* v. *Bowdoin Square Garage, Inc.* 329 Mass. 28, 30. That degree of care is in part determined by the value of the subject of the bailment; the more valuable the property, the greater

---

[1] The testimony as to lighting was somewhat conflicting. The same witness who testified as quoted above also stated that there were lights at the "top of the building over the bays or garage doors illuminating the sign . . . on the building . . . [which] illuminated the yard to some extent." Another witness testified that there were four or five flood lamps "shining down at a slight angle towards the yard." These lights went on automatically and, according to the witness, were on on the night in question.

the requisite care. *Morse* v. *Homer's Inc.* 295 Mass. 606. The evidence shows that the plaintiff's tractor, worth some $12,000, was left untended for approximately twelve hours behind a six foot high fence, the gate to which was padlocked with an ordinary lock obtainable in any hardware store. The keys to the lock could be easily duplicated. The tractor was set off from the other trucks and pointed toward the gate, "ready to roll." There was testimony that "anyone connected with mechanics . . . doesn't need a key to start a vehicle." Aside from the fence, there were no other security devices to protect the plaintiff's property from theft. The fact that the defendant was willing to keep its own vehicles under these conditions is a factor to be considered in determining whether it exercised reasonable care, but it is not conclusive. We are of opinion that it was for the jury to determine whether the defendant violated the duty of care owed to the plaintiff, and whether such violation was causally related to the theft of the tractor.

*Exceptions overruled.*