*Municipal Court of the*
*City of Boston*
No. 288825-A

## DAVID & DAVID, INC.

### v.

## MAURICE SIMON, JOHN C. PAPPAS, LOUIS SMITH AND VICTOR FRENKIL, d/b/a KENMORE SQUARE APTS. CO.

Argued: Apr. 27, 1973 - Decided: Sept. 11, 1973

*Present:* Lewiton, C.J., Morrissey, Canavan, JJ.

Case tried to *Elam, J.*

**Lewiton, C.J.** Alleging that it had paid consideration for the parking of its automobile in a garage owned and operated by the defendants, the plaintiff sought to recover in contract and in tort for negligence, for the theft of the automobile from the garage. The material portion of the defendants' answer was a general denial.

At the close of the evidence, the plaintiff submitted requests for rulings, several of which were denied by the trial judge, who thereupon found for the defendants. The case is here on

the plaintiff's claim of error in the denial of its requested rulings.

Before trial, the defendants admitted that on or about June 28, 1969, they owned and operated premises at 566 Commonwealth Avenue, Boston, consisting of residential apartments and a garage for hire located under said building; that on that date, one Sussman was a tenant in the building, on a lease under which he paid additional monies to park an automobile in the garage; and that there was no barrier or other device to prevent vehicles from leaving the garage.

There was evidence at the trial tending to show the following:

Sussman was an assistant salesman of the plaintiff and a full-time student at Boston University. He used the plaintiff's automobile from the time it was purchased on or about June 28, 1969. He had personally signed the lease under which he occupied an apartment as a paying tenant in the defendants' building for two years. (The Report is silent as to the date of the lease of the term thereof). Below the printed portion of the lease, there appeared a hand-written clause providing for "an additional charge for parking each and every automobile", this clause having been inserted before the lease was executed. Among the printed provisions of the lease was Paragraph 9 purporting to place the risk of loss or theft of

personal property on the lessee.[1] Sussman paid $25.00 per month for parking the plaintiff's automobile. He testified that in his opinion, the plaintiff corporation was not involved in the lease or responsible for paying any of the rent.

There was further evidence as to the procedures in effect with respect to entering and leaving the garage, the presence of a security guard near the entrance and exit, the means of access to the garage area from the apartment building, and related matters bearing on the issues of whether there was a bailment for hire of the automobile, and whether the defendants had used reasonable care to safeguard it.

The trial judge found that there was no contractual relationship between the plaintiff corporation and the defendants. He further found that the latter were "not guilty of wanton and reckless misconduct with respect to the plaintiff's motor vehicle", and he found for the defendants on each count. In our opinion these findings, which were warranted by

---

[a] "The Lessee agrees to and does hereby indemnify and save the Lessor harmless from all liability, loss or damage arising from any nuisance made or suffered on the leased premises or from any carelessness, neglect or improper conduct of any of such persons. All personal property in any part of the building within the control of the Lessee shall be at the sole risk of the Lessee. The Lessor shall not be liable for damage to or loss of property of any kind which may be lost or stolen, . . . while on the leased premises or in any storage space in the building."

the evidence, are decisive against the plaintiff's right to recover in this action, and they make unnecessary a consideration of the specific rulings complained of by the plaintiff.

It is the general rule that a bailee for hire owes a duty to the bailor to exercise the degree of case reasonably to be expected from ordinarily prudent persons in similar circumstances to prevent the loss of, or damage to, the bailed property. *Wright* v. *Heil Equipment Co.*, 357 Mass. 74, 75; *Greenberg* v. *Shoppers' Garage, Inc.*, 329 Mass. 31, 35; *D. A. Schulte, Inc.* v. *North Terminal Garage Co.*, 291 Mass. 251, 256, and that a bailee for hire is liable to the bailor for loss or damage resulting from the bailee's failure to exercise the requisite degree of care. *Butler* v. *Bowdoin Square Garage, Inc.*, 329 Mass. 28, 30; *Stevens* v. *St. Botolph Holding Co.*, 316 Mass. 238.

The basic issue for decision here is whether the failure of a bailee for hire to exercise reasonable care to prevent the theft of the bailed article gives rise to a cause of action against the bailee in favor of one who had a property interest in the bailed article, but who was not a party to the bailment contract. Since "a bailment is essentially a consensual transaction arising out of a contract, express or implied", *Stuart* v. *D. N. Kelley & Son, Inc.*, 331 Mass. 76, 77; *D. A. Schulte, Inc.* v. *North Terminal Garage Co.*, 291 Mass. 251, 256; *Foster* v. *Essex Bank*, 17 Mass. 479,

498, we find no legal basis for extending such a right of recovery to one who is not a party to the arrangements under which the bailment occurred. *Fairfield's Motors, Inc.* v. *Fitz-Inn Auto Park, Inc.*, 1973 Mass. App. Ct. (A.S.) 430; *Central Supply Co.* v. *U. S. Fid. & Guar. Co.*, 273 Mass. 139, 143-144; *Gustafson* v. *Doyle*, 329 Mass. 473, 476.

The plaintiff was not named or referred to in the lease under the terms of which the automobile was left in the garage by Sussman. There is a complete absence of evidence that the defendants were ever made aware that the plaintiff had any relationship with Sussman or that the plaintiff had any interest in the vehicle. There appears to have been no evidence at the trial that the automobile was entrusted to Sussman by the plaintiff for any corporate purpose. While tht Report states that "Sussman used the automobile from the time it was purchaser on or about June 28, 1969", there is nothing to indicate that it was used, or intended to be used, by him in connection with any of his undescribed duties as assistant salesman, nor does it even appear that he was expected to perform any functions as an assistant salesman of the plaintiff at times material to this case. (In this connection, we note in the Report that when Sussman found that the automobile was missing, he "reported the loss to the police, the insurance company and his parents", with nothing to

indicate that he reported it to the plaintiff.) Sussman testified to his understanding that the plaintiff was "not involved in the lease" which contained the agreement under which the automobile was left in the defendants' garage, "or responsible for paying any of the rent". Clearly, the evidence did not warrant, let alone require, a finding that Sussman was acting or purporting to act for the plaintiff when he executed the lease, or paid the additional charge for storage, or left the automobile in the defendants' garage. Cf. *Stiff* v. *Keith,* 143 Mass. 224. The judge's finding that there was no contractual relationship between the plaintiff and the defendant effectively disposes of any issue as to such agency.

It follows, therefore, that the plaintiff, as a stranger to the bailment, is not entitled to recover on account of the breach, if any, of the defendants' duty of care to Sussman under their contract with him. That being so, we need not consider the extent to which the exculpatory language in Paragraph 9 of the lease between the defendants and Sussman might be held to affect the duty of care otherwise owing from the defendants to him, even if it be assumed that the defendants were bailees for hire. Cp. *D'Aloisio* v. *Morton's, Inc.,* 342 Mass. 231, 235; *Kennedy* v. *B. A. Gardetto, Inc.,* 306 Mass. 212, 216; G. L. c. 186, Sec. 15; See Annotation, 175 A.L.R. 110.

The plaintiff is not aided here by cases in

which the owner of bailed property is held entitled to recover in tort from a third party for damage caused to such property while in the possession of the bailee, by wrongful affirmative acts of the third party. *Morris Plan Co.* v. *Hillcrest Farms Dairy,* 323 Mass. 452; *Belli* v. *Forsyth,* 301 Mass. 203.

There is nothing in the Report of this case to indicate that the loss here was attributable to any such affirmative action on the part of the defendants or of any person for whose conduct they may be held responsible, as distinguished from the asserted failure of the defendants to take adequate measures to prevent the theft of the vehicle by unidentified persons.

It is hereby ordered that the Report be dismissed. **Report dismissed.**

JAMES J. MARCELLINO
   for the Plaintiff
ROBERT W. McNAMARA
   for the Defendant