LiDonni, Inc. *vs.* Sheldon L. Hart & others.

Middlesex.    March 6, 1969. — April 7, 1969.

Present: Wilkins, C.J., Spalding, Whittemore, Cutter, & Kirk, JJ.

*Contract,* What constitutes, Parties, Building contract, Implied contract.
    *Practice, Civil,* Auditor: inferences from findings; Case stated; Order
    for judgment; Appeal.

Allowance by the Superior Court of a motion in an action at law for judg-
    ment on the report of an auditor whose findings of fact were to be
    final was in effect an order for judgment on a case stated, from which
    an appeal lay under G. L. c. 231, § 96.  [581]
Conclusions of fact based on inferences from subsidiary findings by an
    auditor whose findings were to be final were open to review not only
    by the trial court but also by this court.  [583]
In an action of contract for landscaping work done by the plaintiff on
    building projects against two individuals engaged in developing real
    estate who conducted their business through corporations organized
    and controlled by them, findings of an auditor respecting the conduct
    of the defendants toward the plaintiff tended to show that the defend-
    ants were not acting as mere agents of the corporations, and supported
    conclusions by the auditor that, although "the defendants did not
    expressly agree to become personally responsible for the work per-
    formed by the plaintiff" and the plaintiff rendered bills for the work
    to the corporations at the direction of one of the defendants, the
    plaintiff "was justified in relying entirely upon the . . . defendants
    for . . . payment" and was entitled to recover from them.  [583]

Contract.    Writ in the Superior Court dated October 19,
1965.

The action was heard by *Mitchell,* J., on an auditor's
report.

*Bruce G. Daniels* for the defendants.
*Robert F. Muse* for the plaintiff.

Spalding, J.    This is an action of contract to recover
for work, labor and materials alleged to have been supplied
by the plaintiff to the defendants on two building projects,
one of which was Winona Park Development.  The case was
referred to an auditor, whose findings of fact were to be
final.    In accordance with Rule 86 of the Superior Court

(1954), as amended, the auditor was required, among other things, to "find the subsidiary facts on each issue tried and report them and his general findings based on such subsidiary findings to the court." The ultimate finding of the auditor was for the plaintiff in the sum of $4,652, with interest from the date of the writ. The plaintiff moved for judgment on the report and the motion was allowed. This was in effect an order for judgment for the plaintiff. The defendants appealed. G. L. c. 231, § 96. *Abrams* v. *Reynolds Metals Co.* 340 Mass. 704, 705.

A summary of the pertinent findings of the auditor is as follows: The plaintiff is a Massachusetts corporation, of which one Oscar LiDonni is the sole stockholder, president, and treasurer. The defendants Hart and Yoffe were engaged in the business of buying, selling, and developing real estate. In conducting their business they had set up two real estate trusts, one of which (H. Y. Realty Trust) was named as a defendant. They also organized and controlled at least five corporations. These were: H. Y. Homes, Inc.; Lockwin Builders, Inc. (Lockwin); Winona Builders, Inc. (Winona); Apartment Construction Corp. (Apartment) and Hart-Yoffe Associates, Inc. The last named corporation acted as the management corporation for two of the others, Winona and Apartment.

Hart and Yoffe first met LiDonni in 1962, when he contracted to do work for them in Framingham in connection with property owned by Lockwin. At the requests of the individual defendants, the bills for that work were submitted by LiDonni to Lockwin. During the course of the Framingham project the individual defendants informed LiDonni that " 'we' owned some property in Peabody which 'we' are going to develop and that 'we' would notify him when they were ready to proceed."

Winona was organized to develop a parcel of land (by erecting thirty-four houses) on property owned by it. During the construction Yoffe discussed with LiDonni the matter of landscaping the lots and installing the necessary walks and driveways. A price for each lot having been

agreed to, LiDonni "asked Yoffe where he should send the bills for the work and Yoffe told him that they were to be made out to 'Winona Park.'" The total cost of this work with extras amounted to $15,670. Various payments reduced this amount to $7,902. All of these payments were made by Winona.

Following the completion of the Winona Park Development, Apartment commenced the erection of an apartment complex on Prospect Street in Peabody. Yoffe discussed the landscaping with LiDonni, who agreed to do it. Yoffe "told the plaintiff to bill" Apartment. After the work was completed, the fair value of which was $11,250, LiDonni asked the individual defendants when he would get his money, and they told him they would pay him when they got the money from the bank. Yoffe told LiDonni to send a bill for the amount due to Apartment and the plaintiff did so. When the payment was not forthcoming LiDonni became insistent, and Yoffe and he went to a savings bank in Peabody where a check in the sum of $6,000 was drawn to the order of H. Y. Realty Trust. Yoffe then indorsed the check and gave it to the plaintiff.[1]

The auditor found that "the defendants did not expressly agree to become personally responsible for the work performed by the plaintiff on either of the . . . [developments] in question, nor did the plaintiff ever send any bills to the defendants as individuals, but . . . the bills were made out to the several corporations in accordance with the directions given by Yoffe to LiDonni." He further found that "the plaintiff was justified in relying entirely upon the individual defendants for the payment for all work and materials supplied by it for which this action was brought." The auditor's ultimate finding for the plaintiff was "[b]ased upon my subsidiary findings above set forth."

---

[1] There is no dispute as to the amount due the plaintiff. The balance due on the Winona Park Development was $7,902, and the balance due on the Prospect Street development was $5,250, making a total of $13,152. A subsequent payment of $8,500 by a third party reduced the amount due to $4,652, the sum awarded by the auditor. The plaintiff's work, as the auditor found, was satisfactorily performed, and no contention is made to the contrary.

The crucial finding, which the auditor apparently classified as subsidiary, was that "the plaintiff was justified in relying entirely upon the individual defendants for the payment"; it is this finding that is the basis for the conclusion that the individual defendants were personally liable. The auditor's conclusions of fact, based on inferences from the subsidiary findings, are open to review not only by the trial court but also by this court. *United States Fid. & Guar. Co.* v. *English Constr. Co.* 303 Mass. 105, 108–109. *Food Specialties, Inc.* v. *John C. Dowd, Inc.* 339 Mass. 735, 747. *Abrams.* v. *Reynolds Metals Co.* 340 Mass. 704, 705. Since the finding quoted above either was based on inferences from other findings or was a ruling of law (see *Moore* v. *Worcester Insulation Co. Inc.* 338 Mass. 44), we may review its correctness.

In the absence of an express agreement, a contract implied in fact may be found to exist from the conduct and relations of the parties. *W. A. Snow Iron Works, Inc.* v. *Chadwick*, 227 Mass. 382. See Williston, Contracts (3d ed.), § 3. An individual can be liable under an implied contract if he is the one "to whom credit was extended when the work was done, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable man should have expected to pay." *LaChance* v. *Rigoli*, 325 Mass. 425, 427. Although the bills had not been sent to the individual defendants (compare *W. W. Britton Inc.* v. *S. M. Hill Co.* 327 Mass. 335), the payments by the corporations did not necessarily isolate the individual defendants from liability. See *My Bread Baking Co.* v. *Cumberland Farms, Inc.* 353 Mass. 614. The findings concerning the individual defendants' conduct toward the plaintiff tend to show that they were not acting as mere agents of the corporations. We are of opinion that their actions were sufficient to support the finding that the plaintiff could justifiably rely upon those defendants as parties responsible for the payments in question.

*Order for judgment affirmed.*