*Municipal Court of the
City of Boston*
No. 213001
**SAVAGE & COMPANY**
v.
**LOUIS SBRIZZA AND
JANICE SBRIZZA**
Argued: Jan. 18, 1974 - Decided: Feb. 13, 1974

*Present:* Lewiton, C.J., Canavan, DeGuglielmo, JJ.

Case tried to *Umana, J.*

**Canavan, J.** This is an action of contract for goods sold and delivered on an account annexed which states that the plaintiff sold and delivered to the defendants, wholesale bakery supplies in the amount of $1,683.70 and the date specified therein is November 10, 1967. The answer of the defendants is a general denial and payment.

At the trial there was evidence tending to show that Edward Savage, Jr. was President-

Treasurer of the plaintiff corporation and he testified that for some time prior to August 3, 1967, the plaintiff corporation had been supplying bakery materials and supplies to one Louis Gulphie, who had been operating a bakery known as Faylu's Bakery in Winthrop, Massachusetts and that as of August 3, 1967, Faylu's Bakery owed the plaintiff $1,683.03 for goods previously delivered to it.

On or about August 2, 1967, Louis Gulphie sold Faylu's Bakery to the defendant, Louis Sbrizza. The sale included the name, good-will and any equipment owned by Faylu's Bakery. The defendant, Louis Sbrizza, also agreed as part of the consideration to pay outstanding balances due various suppliers to material to Faylu's Bakery and not exceeding $2,500.00. There was no mention of any specific creditors. Edward Savage Jr. further testified that he was aware of the sale of Faylu's Bakery.

From about August 3, 1967 and continuing to March 26, 1968, the plaintiff made periodic deliveries of bakery supplies and materials to the defendants at the same location where Faylu's Bakery had previously been operated. The testimony of Edward Savage Jr. in cross-examination revealed a pattern of cash payments by the defendants to the plaintiff each time a delivery was made. Most of the invoices were marked ''C.O.D.''. The pattern of entries in the plaintiff's ledger for most deliveries indicated that they were paid.

At the end of the period of deliveries by the plaintiff to the defendant's, the plaintiff's ledger, which had shown $1,683.03 as of August 3, 1967, for goods previously sold to Faylu's Bakery, now showed $1,683.70, owed in March 26, 1968 by the defendants. There was some question raised in Savage's testimony of a balance of $45.67 owed the plaintiff by the defendants on deliveries from August 3, 1967 to March 26, 1968, notwithstanding all deliveries were to be paid in cash. There was some evidence offered by the plaintiff that the defendants would pay from time to time on Faylu's old account with the plaintiff, and that these payments amounted to about $200. There was no explanation as to why the old balance owed by Faylu's Bakery to the plaintiff did not reflect such a reduction of $200.00 on the account with the defendants.

The defendant, Louis Sbrizza testified that when he went into the bakery on August 3, 1967, there was no merchandise or stock on hand, nor did he ever use any materials previously delivered to Faylu's Bakery. He further testified that at no time did the plaintiff ever extend to him and that at no time did he and Gulphie, the prior owner, meet with any representative of the plaintiff with respect to payments on the bills owed by Mr. Gulphie to the plaintiff.

The plaintiff claimed a report of the action of the judge with respect to the following requests for rulings:

"1. On all of the evidence, a finding for the plaintiff is warranted. COURT: *Warranted but not complied to.*

"2. On all of the evidence, a finding for the defendants is not warranted. COURT: *Denied.*

"3. The plaintiff relied upon the individual defendants for payment and is entitled to recover against the individuals for payment. *LiDonni* v. *Hart,* 355 Mass. 580. COURT: *Court does not so find.*

"4. In the absence of an express agreement, a contract implied may be found to exist between the plaintiff and the individual defendants from the conduct and relations of the parties. *W. A. Snow Iron Works* v. *Chadwick,* 277 Mass. 382. *LiDonni* v. *Hart,* 355 Mass. 580. COURT: *Implied contract may be found to exist, but court does not so find in this case.*

"5. In the case at bar, the plaintiff could justifiably rely on the defendants as parties responsible for the payment in question. *LiDonni* v. *Hart,* 355 Mass. 580. COURT: *Court could find so but does not so find.*

"6. The merchandise for which this suit was brought was delivered to the defendants herein. COURT: *Court does not so find.*

"7. The merchandise was charged to the defendants herein and the defendants are liable to the plaintiff in the amount claimed. COURT: *Court does not so find.*

"8. The first money is to be applied to the first debt incurred. COURT: *Denied for vagueness.*"

There was no error.

The case having been tried before a single justice imposed on him the duties of both judge and jury. He was charged with the duty of finding the facts and then applying the law to the facts that he found and arriving at a decision. As a finder of facts the justice found that at no time did the plaintiff ever extend credit to the defendants; and further that the defendants made payment to the plaintiff for all deliveries of merchandise to them. The evidence amply warranted these findings. *Perry v. Hanover,* 314 Mass. 167, 173. *Sreda v. Kessel,* 310 Mass. 588, 589.

The court was also warranted in finding that neither an express or implied contract existed between the plaintiff and the defendants wherein the defendants agreed to pay the plaintiff the outstanding balance due for bakery materials and supplies delivered prior to their taking over the bakery; and the evidence also failed to disclose that there was any merchandise or stock on hand and belonging to Faylu's Bakery when the defendants took over the bakery.

Here, the position of the plaintiff is that of possible beneficiary to a contract entered into between the defendant, Louis Sbrizza and Louis Gulphie, the owner of Faylu's Bakery on August 2, 1967, wherein Louis Sbrizza agreed to pay the outstanding balance due various suppliers of materials to Faylu's Bakery up to a total of $2,500.00. It is the law in this Commonwealth, except in instances not applicable in this case, that a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another, for the benefit of a third person who is a stranger to the consideration will not support an action by the latter. The plaintiff, even if it could be regarded as a beneficiary of this contract, has no right of action against the defendant. *Gustafson* v. *Doyle,* 329 Mass. 473, 476. *Green* v. *Green,* 298 Mass. 19, 20.

**Report dismissed.**

Joseph Krinsky
  for the Plaintiff
Robert F. Muse
  for the Defendant
(Present no brief or argument).