Sherman, P.J.
This is an action to recover against both the corporate and individual defendants for merchandise sold and delivered by the plaintiff to the corporation only. The plaintiff claimed that the individual defendant, Johnnie C. Reese (“Reese”), was the sole stockholder, principal officer and director of the defendant corporation and had assumed liability for the corporation’s indebtedness to the plaintiff.
After consideration of cross motions for summary judgment, the trial court allowed the defendant’s motion and entered summary judgment for defendant Reese (now deceased).[2]
The plaintiff claims to be aggrieved by the court’s ruling and judgment.
Submitted in connection with the parties Dist./Mun. Cts. R. Civ. P., Rule 56 summary judgment motions were an affidavit of the plaintiffs assistant district credit manager; an affidavit of defendant Reese; copies of two checks (totaling $491.63) of H&R Painting Co., Inc. which were issued in 1988; copies of miscellaneous invoices from the plaintiff to “H and R Painting” issued from January 31,1987, through April 30,1987; copies of miscellaneous checks ofH&RPainting Co., Inc. (totaling in excess of $25,000.00), one of which was issued in 1980 and six of which were issued in 1984. One check of defendant Reese dated November 7,1988 in the amount of $491.63 and payable to the plaintiff was also before the court.
To the extent that there were no material issues of fact before the court, the sole issue of law to be resolved was the indebtedness of the defendant, Johnnie C. Reese, in the amount of $25,633.70 for goods sold and delivered by the plaintiff to the corporate defendant, H&R Painting Co., Inc.
For purposes of the motion, it was undisputed that the defendant, H&R Painting Co., Inc., had a “contractual relationship” with Sherwin-Williams Co., Inc. for the purchase of paint and paint-related supplies and that defendant Reese, as an individual, had no contractual relationship with the plaintiff.
It was further uncontested that the corporate-defendant was dissolved in 1987 and that thereafter Reese continued as an individual in a similar business under the firm and style name of “H&R Paint Shop.”
On October 3,1988, the plaintiff received two checks in the respective amounts of $134.85 and $356.78 bearing the printed name of “H&RPainting Co., Inc.” Both of said checks were returned unpaid, marked “account closed.” Thereafter, on November 7, 1988, “Johnnie C. Reese, d/b/a H&R Paint Shop” issued his personal check in the amount of $491.63, being the total of the unpaid checks.
It is the plaintiff’s contention that the issuance of the personal check by Mr. Reese *2 making good those checks which had been returned on a closed corporate account constituted an assumption by the individual of all corporate indebtedness and as a matter of law required “piercing the corporate veil.”
If in fact there is no real dispute as to the salient facts of a case, or if only a question of law is involved, a motion for summary judgment is in order and should be rendered forthwith, “if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Dist./Mun. Cts.R Civ. P., Rule 56(c). Community Nat'l Bank v. Dawes, 369 Mass. 550 (1976). In examining all documents and affidavits contained in the summary judgment materials, we may make all logically permissible inferences in favor of the non-moving party. Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202 (1991); Coveney v. President & Trustees of the College of the Holy Cross, 388 Mass. 16, 17 (1983); Community Nat'l Bank v. Dawes, supra at 553.
We reject the plaintiffs sole contention that the issuance of one individual check from a personal account through which a business was conducted in and of itself is such a material fact so as to require the court, as a matter of law, to rule that such action constituted an assumption of all previous corporate indebtedness and further required what the plaintiff alludes to as a piercing of the “corporate veil” so as to render an individual stockholder and principal officer personally responsible for a corporate debt.
Corporations are generally to be regarded as separate from each other and from their respective stockholders where there is no occasion to look beyond the corporate form for the purpose of defeating fraud or wrong, or for the remedying of injuries. My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 618 (1968).
It appears undisputed that Reese was the principal stockholder, officer and director of a corporate entity through 1987, thereafter conducted an individual proprietorship with a similar name, and issued a personal check for the purpose of making good on two corporate checks which were drawn on the closed corporate account. Those facts alone are not, however, sufficient to require as a matter of law a finding that the individual was assuming all outstanding existing corporate indebtedness.
Although common ownership of the stock of two or more corporations together with common management, standing alone will not give rise to the acts of another of its employees, additional facts may be such as to permit the conclusion that an agency or similar relationship exists between the entities. Particularly this is true (a) when there is indirect participation by the representatives of one corporation, apparently exercising some form of pervasive control, in fraudulent or injurious consequence of the inter-corporate relationship, or (b) when there is a confused inter-mingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.
My Bread Baking Co., supra at 619. There was no such showing in this case.
The burden rests upon the party who seeks to pierce the corporate veil to establish by uncontroverted facts (for purposes of summary judgment) the activities of the individual which demonstrate a virtual disregard of the existence of the corporate entity behind which he seeks to hide. In this case there were no facts beyond the issuance of a single check after a corporation had been dissolved.
There was no evidence that the corporation was a “dummy,” “sham” or the “alter ego” of the individual stockholder. Brown Rudnick, Freed & Gesmer v. Board of Assessors, 389 Mass. 298, 303 n.8 (1983).
The ownership of all the stockin several corporations by one person does notcreate a single unit or justify a disregard of separate corporations. It is only where the *3 corporation is a sham, or is used to perpetrate deception to defeat public policy that it can be disregarded. Gordon Chemical Co., Inc. v. Aetna Casualty, 358 Mass. 632 (1971).
An individual can be liable under an implied contract if he is the one to whom credit was extended, that is, the one who was expected to pay and who in fact expected to pay or as a reasonable person should have expected to pay. LiDonni, Inc. v. Hart, 355 Mass. 580 (1969). Nothing before us indicates any intention on the part of the plaintiff to conduct business with the individual defendant.
The matter before the court does not involve an existing corporation or number of corporations behind which an individual sought to hide while manipulating such entities for his individual purposes. There is no allegation of fact that two sets of financial records are, or had been, utilized as a sham so as to use the corporation solely as a shield for the individual’s enterprise. On the contrary, it appears that the individual defendant started to conduct his business only after his corporation’s dissolution or failure, prior to which all of his affairs with the plaintiff were conducted through the corporate entity.
We find no error in the action of the judge in allowing the individual defendant’s motion for summary judgment.
The report is dismissed.

 For purposes of this opinion, we treatthe motion as having been allowed in favor of the estate of the late Johnnie C. Reese.