Martin J. MULVIHILL, Plaintiff,

v.

SPALDING SPORTS WORLDWIDE, INC. and International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL—CIO, Local Lodge 1851, Defendants.

No. Civ.A. 01–30045–MAP.

United States District Court, D. Massachusetts.

Feb. 5, 2002.

Edward J. McDonough, Jr., Egan, Flanagan & Cohen, PC, Springfield, MA, for Plaintiff.

Jay M. Presser, Skoler, Abbott & Presser, Springfield, MA, Elizabeth A. Sloane, Segal, Roitman & Coleman, Boston, MA, G. Gordon Atcheson, Blake & Uhlig, P.A., Kansas City, KS, for Defendants.

*MEMORANDUM REGARDING DEFENDANT SPALDING SPORTS WORLDWIDE'S MOTION TO DISMISS*

(Docket No. 4)

PONSOR, District Judge.

## I. INTRODUCTION

This case involves a suit by a former employee of Spalding Sports Worldwide, Inc. ("Spalding") against Spalding for wrongful discharge and defamation, and against the union for breach of its duty of fair representation. Spalding now moves to dismiss all counts on the grounds either that jurisdiction belongs solely to the National Labor Relations Board ("NLRB") or that the plaintiff has failed to state a claim upon which relief may be granted.

For the reasons discussed more fully below, the court will deny the motion to dismiss Count 1, because it has concurrent jurisdiction with the NLRB; allow the motion to dismiss Count 2, because it is pre-empted by federal law and fails to state a claim; and deny without prejudice the motion to dismiss Count 3 on the condition that the plaintiff file an amended complaint within thirty days setting forth its defamation claim with greater particularity.

## II. FACTS AND PROCEEDINGS

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, the court must accept the facts as asserted in the complaint as true. *See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank,* 958 F.2d 15, 17 (1st Cir.1992). Similarly, when determining whether it is vested with jurisdiction to hear a particular claim under Rule 12(b)(1), the court must construe the allegations in the complaint in the plaintiff's favor. *Aversa v. United States,* 99 F.3d 1200, 1209–1210 (1st Cir.1996). The facts set forth below are considered in accordance with these standards.

Martin Mulvihill ("plaintiff") worked thirty-two years for Spalding Sports Worldwide, Inc. ("Spalding"), and was a member of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL—CIO, Local Lodge 1851 ("Local 1851"). Plaintiff contends that he was pretextually fired for sexual harassment on or about September 19, 2000. The true reason for his termination is alleged to be his past union activity. (Docket 1 at 2).

According to plaintiff, a married female Spalding employee was having an affair with another male Spalding employee without the knowledge of her husband, who was also a Spalding employee. Plaintiff was caught in the middle: he was approached by the wife for advice, and by the husband for information, about the affair. When the plaintiff sought advice in turn from his supervisor, the wife filed a false complaint against plaintiff, specifically for sexual harassment in the form of spreading false rumors about her. This complaint was then used as a pretext for firing plaintiff for his past union activities. (Docket 1 at 2–3).

Plaintiff exhausted Spalding's internal grievance procedure with "perfunctory assistance" from Local 1851, and was denied any compensation. Local 1851 refused to submit the dispute to arbitration; it now takes the position that plaintiff was fired for valid reasons. (Docket 1 at 3). Plaintiff filed a charge against Spalding with the National Labor Relations Board ("NLRB") on March 15, 2001. (Docket 5,

Exhibit A). The NLRB sent letters to Spalding and Local 1851 on August 1, 2001, informing them that plaintiff's charge had been withdrawn without prejudice. (Docket 21, Exhibit 1).

Plaintiff filed suit against Spalding and Local 1851 in this court on March 16, 2001, the day after his charge was filed with the NLRB. As noted above, plaintiff's complaint against Spalding offers 3 Counts: Count 1 alleges wrongful discharge and breach of employment contract, thereby committing an unfair labor practice; Count 2 alleges a breach of an implied covenant of good faith and fair dealing in an employment contract; and Count 3 alleges defamation. Plaintiff also charges Local 1851 in Count 4 with a breach of its duty of fair representation; the union has filed no motion to dismiss, so that count will not be addressed. Spalding has moved to dismiss all counts against it.

## III. DISCUSSION

### A. Garmon Pre-emption

■ Spalding argues that the claim in Count 1, for "breach of employment contract with the plaintiff, wrongfully discharging him without just cause, thereby committing an unfair labor practice" should be dismissed for lack of subject matter jurisdiction. When a court is faced with a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the party asserting jurisdiction has the burden of establishing through competent proof that jurisdiction exists. O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir.1982). Plaintiff has met that burden.

Spalding argues that Count 1 should be dismissed because the claim contained in it is within the exclusive jurisdiction of the NLRB under San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct.

773, 3 L.Ed.2d 775 (1959). In Garmon, the Supreme Court held that "when an activity is arguably subject to § 7 or § 8 of the National Labor Relations Act, the state as well as the federal courts must defer to the exclusive competence of the NLRB if the danger of state interference with national labor policy is to be averted." Chaulk Services v. Massachusetts Commission Against Discrimination, 70 F.3d 1361, 1364 (1st Cir.1995). Thus, Spalding argues that because a federal court is ordinarily without jurisdiction to hear a claim alleging an "unfair labor practice," the court is without jurisdiction to hear Count 1.

■ As Local 1851 and plaintiff point out, the court does have jurisdiction to hear a claim under § 301 alleging an unfair labor practice and a breach of a collective bargaining agreement. Such a claim is not preempted, because Congress explicitly gave this court concurrent jurisdiction in 29 U.S.C. § 185(a). The Supreme Court itself has held that "the Garmon doctrine is 'not relevant' to actions within the purview of § 301" because "Congress deliberately chose to leave the enforcement of collective agreements to the usual processes of law." William E. Arnold Co. v. Carpenters District Council of Jacksonville and Vicinity, 417 U.S. 12, 16, 94 S.Ct. 2069, 40 L.Ed.2d 620 (1974).

Spalding points out that Garmon preemption nevertheless applies to a complaint alleging a breach of contract and an unfair labor practice if the breach of contract allegation is a mere subterfuge designed to avoid Garmon preemption. See Newspaper Guild of Salem v. Ottaway Newspapers, Inc., 79 F.3d 1273, 1283–1284 (1st Cir.1996). In Ottaway Newspapers, the plaintiff alleged an unfair labor practice and a violation of a collective bargaining agreement, but the latter claim appeared to be added solely to get juris-

diction under § 301 and avoid *Garmon* preemption. The First Circuit did not fall for this trick, and held that because the defendant's alleged conduct did not give rise to a colorable claim for breach of the collective bargaining agreement, the claim would not be treated as a § 301 claim, and would therefore be subject to *Garmon* preemption. *Id.* at 1283–1284. Here, Spalding argues that Count 1, in substance, alleges an unfair labor practice, despite being dressed up to look like a breach of contract claim.

In this situation, the court is required to review plaintiff's complaint to determine if the language referring to breach of contract is a subterfuge. In light of its duty to construe pleadings to do "substantial justice" under Fed.R.Civ.P. 8(f), the court has no trouble finding that plaintiff's complaint asserts a legitimate breach of contract claim that gives this court jurisdiction under § 301. *See generally Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (describing modern approach to construe complaints liberally). Thus, the motion to dismiss Count 1 will be denied.

### B. *Implied Covenant of Good Faith and Fair Dealing*

Count 2 is another matter. Here, plaintiff complains in the alternative that Spalding's conduct breached its implied covenant of good faith and fair dealing. As Spalding notes, this count suffers from two independently fatal illnesses.

 First, as the court has previously noted, it "must dismiss [plaintiff's] claims as preempted if their resolution necessitates analysis of, or substantially depends upon the meaning of, the [collective bargaining agreement]." *Cullen v. E.H. Friedrich Co.,* 910 F.Supp. 815, 820 (D.Mass.1995). "It is well established that § 301 completely preempts a state law

claim" if that claim requires the court to interpret a collective bargaining agreement. *Quesnel v. Prudential Ins. Co.,* 66 F.3d 8, 10 (1st Cir.1995) (citations omitted). Plaintiff's collective bargaining agreement provides that he may be discharged for "proper cause." It is hard to see how a claim for breach of an implied covenant of good faith could be resolved without an analysis of, or the determination of the meaning of, "proper cause" in the employment agreement. Thus, Count 2 is preempted.

 Second, Massachusetts generally does not imply a covenant of good faith in the face of a negotiated employment contract. *Bertrand v. Quincy Market Cold Storage & Warehouse Co.,* 728 F.2d 568, 571 (1st Cir.1984). Usually, the covenant is inferred from contracts of employment "at will." *Id.* In *Bertrand,* the plaintiff had a collective bargaining agreement providing that he could be discharged only for "just cause." *Id.* The First Circuit reasoned that "[s]ince there is an explicit contractual provision giving the employee greater protection than the implied covenant, there is no need to imply the covenant." *Id.* Because plaintiff's collective bargaining agreement provides him in this case with greater protection than the implied covenant, there is no need to imply it. Each of these reasons independently requires the court to dismiss Count 2.

### C. *Defamation*

 In Massachusetts, defamation claims are subject to special pleading requirements.

The Massachusetts Supreme Judicial Court has stated that defamation traditionally is a disfavored action, and that courts have applied a stricter standard to complaints for defamation by requiring defamation plaintiffs to plead the

elements of their claims with specificity in order to survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *Dorn v. Astra USA,* 975 F.Supp. 388, 396 (D.Mass.1997) (citations omitted). Specifically, to survive a motion to dismiss,

> a defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s); (2) the means and approximate dates of publication; and (3) the falsity of those statements.

*Id.* Although plaintiff has met requirement (3), greater particularity is needed to meet the first two requirements.

Plaintiff's complaint insufficiently alleges the precise wording of at least one sentence of the defamation and the means and approximate dates of publication. The only detail regarding Spalding's alleged defamation is at paragraph 6 of the complaint:

> Defendant Spalding leveled false accusations of sexual harassment against the Plaintiff, as a pretext for discharging the Plaintiff for his past union activity (Plaintiff was past president of the union), and for other unlawful reasons. The false accusations of sexual harassment have defamed the Plaintiff, causing damage to his good name, reputation and standing in the community.

(Docket 1 at 2). If the means and approximate dates of the publication were clear, the court might read "sexual harassment" as the defamatory language. At best, this is a stretch. Massachusetts requires that the precise words of "one sentence of the defamation" be pled. Unless "sexual harassment" is the extent of the defamatory "sentence," this aspect of the defamation should also be pled with more particularity.

Therefore, the court will deny the motion to dismiss Count 3, without prejudice, on condition that an amended complaint be filed within 30 days setting forth the defamation claim with sufficient particularity. In particular, the defamation count should specify (a) the individual or individuals who uttered the defamatory statements; (b) the approximate dates of the defamation; (c) the way the defamation was uttered, *i.e.,* orally, by office memorandum, or by newspaper publication; (d) the third party or parties who heard or read the defamatory statement; and (e) the precise wording of at least one sentence of the defamation. *Dorn,* 975 F.Supp. at 396.

## IV. CONCLUSION

For the foregoing reasons, Spalding's motion to dismiss Count 1 is DENIED, the motion to dismiss Count 2 is ALLOWED, and the motion to dismiss Count 3 is DENIED WITHOUT PREJUDICE so that plaintiff may file an amended complaint within 30 days.

A separate order will issue.

## *ORDER*

For the reasons stated in the accompanying Memorandum, Defendant Spalding's motion to dismiss is DENIED as to Count 1 and ALLOWED as to Count 2. The motion to dismiss Count 3 is DENIED WITHOUT PREJUDICE, on condition that plaintiff file an amended complaint setting forth his defamation claim with greater particularity as specified in the accompanying Memorandum, no later than 30 days from the issuance of this order.

It is So Ordered.