Alexander DiGIANTOMMASO and Robert Bibaud, Plaintiffs,

v.

GLOBE NEWSPAPER COMPANY, INC., Defendant.

Civil Action No. 09–10127–NMG.

United States District Court, D. Massachusetts.

June 22, 2009.

Mark W. Batten, Eben A. Krim, Proskauer Rose LLP, Boston, MA, for Defendant.

Stephen R. Domesick, Boston, MA, for Plaintiffs.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs in this putative class action assert claims for breach of an implied contract and related causes of action arising out of their employer's elimination of two paid coffee breaks. The defendant has moved to dismiss the complaint on the grounds that plaintiffs' state law claims are preempted by federal law and the plaintiff has moved to remand.

### I. *Factual Background*

Plaintiffs Alexander DiGiantommaso and Robert Bibaud ("Plaintiffs") are employees of the defendant, Globe Newspaper Company, Inc. ("the Globe"), and work in that company's mail room in Boston, Massachusetts. They are members of the Boston Mailers' Union No. 1 ("the Union") and seek to bring claims against the Globe on behalf of themselves and all others similarly situated. Plaintiffs are subject to a collective bargaining agreement ("the CBA") entered into by the Union and the Globe.

Plaintiffs' claims arise out of the Globe's decision, sometime in 2008, to eliminate two 20–minute coffee breaks that had been authorized since at least 1990. According to Plaintiffs, prior to the change, mail room employees were permitted to take a paid break from 8:45 to 9:05 AM and from 4:25 to 4:45 PM. Those breaks coincided with the beginning and end of the employees' shifts and they were permitted to leave work at 4:25 PM in lieu of taking the second break.

Plaintiffs contend that the elimination of the coffee breaks, and the requirement that they work an additional 40 minutes without an increase in pay, constitutes the breach of an implied contract. They assert claims for such a breach (Counts 1 and 2) along with claims for breach of the implied covenant of good faith and fair dealing (Count 3), unjust enrichment (Count 4), promissory estoppel (Count 5), conversion (Count 6) and violation of the requirement to pay overtime wages under M.G.L. c. 151, § 1A (Count 7).

### II. *Procedural History*

Plaintiffs filed their complaint in the Massachusetts Superior Court Department for Suffolk County on December 31, 2008. On January 28, 2009, the defendant removed the case to this Court on federal question grounds. Shortly thereafter, on February 4, 2009, the defendant moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. On that same day the Plaintiffs moved to remand the case to state court. Both motions have since been opposed.

### III. *Plaintiffs' Motion to Remand*

#### A. Legal Standard

Only state court actions that originally could have been brought in federal court are subject to removal by a defendant. *See* 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Under 28 U.S.C. § 1331, federal courts have jurisdiction over cases where a federal question is presented on the face of the plaintiff's complaint. Thus, the familiar "well-pleaded complaint rule" makes plaintiff "master of the claim." *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425.

■ The doctrine of complete preemption operates as a corollary to the well-pleaded complaint rule. *Id.* at 393, 107 S.Ct. 2425 (citation omitted). Where it applies, complete preemption converts an ordinary state law claim into a federal claim for purposes of the well-pleaded complaint rule. *Id.* (citation omitted). The doctrine is applied primarily where a plaintiff asserts claims that are preempted by § 301 of the Labor Management Relations Act ("the LMRA"), 29 U.S.C. § 185(a). *See id.*

■ Section 301 grants federal courts jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees." 29 U.S.C. § 185(a). Case law interpreting that statute has evolved to provide that any claims "substantially dependent on analysis of a collective-bargaining agreement" are subject to complete preemption. *See Caterpillar*, 482 U.S. at 394, 107 S.Ct. 2425 (quoting *Int'l Bhd. of Elec. Workers v. Hechler*, 481 U.S. 851, 859 n. 3, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987)) (internal quotation marks omitted). Thus, where a plaintiff alleges conduct that arguably constitutes a breach of a duty that arises pursuant to a collective bargaining agree-

ment, or if the plaintiff's claims "arguably hinge[ ] upon the interpretation" of such an agreement, § 301 preempts. *See Flibotte v. Pa. Truck Lines, Inc.*, 131 F.3d 21, 26 (1st Cir.1997) (citations omitted).

■ A defense that raises a § 301 issue is insufficient to overcome the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 399–400, 107 S.Ct. 2425. Only where resolution of the plaintiff's claims (and not a defense to those claims) requires interpretation of a collective bargaining agreement is removal appropriate.

#### B. Application

Plaintiffs maintain that federal jurisdiction is inappropriate in this case because their claims are based entirely on state law. The Globe responds that, although cast in state law terms, resolution of plaintiffs' claims will require interpretation of the CBA and therefore the claims are preempted under § 301 of the LMRA.

Plaintiffs' complaint asserts claims for breach of an implied contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, conversion and violation of M.G.L. c. 151, § 1A. Setting aside for the moment the statutory claim, Plaintiffs' remaining claims all depend upon the existence of an implied obligation or duty on the part of the Globe to provide coffee breaks (or, in the alternative, to pay employees for time worked during those breaks). Plaintiffs contend that such an obligation arises from

the Globe's conduct of treating Plaintiffs and the Class members as employees of the Globe, the Globe's Policy of paid breaks, Plaintiffs' and Class members' pay records, the status of the Globe as an employer, the nature of the employment, and *other circumstances surrounding the parties' employment relationship* that illuminate that Plaintiffs,

the Class members and the Globe had an implied-in-fact employment contract. (emphasis added).

Plaintiffs' allegations and the nature of their claims reveal that resolution of this case will require a careful review of the totality of the parties' relationship. *See, e.g., LiDonni, Inc. v. Hart,* 355 Mass. 580, 583, 246 N.E.2d 446 (1969) ("In the absence of an express agreement, a contract implied in fact may be found to exist from the conduct and relations of the parties."). As the defendant notes, such a review would involve examination of the past practices and bargaining history of the parties and, inevitably, interpretation of the CBA.

■ Other courts have reached the same conclusion when considering similar "alternative" contract claims. In *Cullen v. E.H. Friedrich Co., Inc.,* for example, another session of this Court found that claims of promissory estoppel were "inextricably intertwined" with the provisions of a collective bargaining agreement and that "[c]ourts have uniformly come to similar conclusions in just such a situation." 910 F.Supp. 815, 825 & n. 7 (D.Mass.1995) (collecting cases). This Court agrees and notes that, at the very least, it would be required to interpret the CBA to determine whether it was intended to be the sole agreement between the parties. *See Ziobro v. Conn. Inst. for the Blind,* 818 F.Supp. 497, 501–02 (D.Conn.1993) (Cabranes, C.J.) (finding claims for breach of implied contract and promissory estoppel preempted by § 301).

Because some of Plaintiffs' claims "arguably hinge[ ] upon interpretation" of the CBA, those claims are subject to complete preemption under § 301 of the LMRA and were properly removed to federal court. *See Flibotte,* 131 F.3d at 26. Consequently, Plaintiffs' motion to remand will be denied.

■ Before proceeding to consider the defendant's motion to dismiss, the Court notes that Plaintiffs' argument that the defendant is somehow judicially estopped from removing this case to federal court because it previously represented to the Union its belief that the coffee breaks were not part of the CBA is without merit. Even assuming that the doctrine of judicial estoppel could apply to such a statement, there is no inconsistency in the Globe's position that would warrant estoppel. By removing the case the Globe did not assert that the coffee breaks are part of the CBA but, rather, that adjudicating Plaintiffs' claims would require interpretation of that agreement. *Cf. Lydon v. Boston Sand & Gravel Co.,* 175 F.3d 6, 12–13 (1st Cir.1999) (applying judicial estoppel because employer argued during arbitration that state law provided the exclusive remedy for plaintiff's claims).

## IV. *Defendant's Motion to Dismiss*

Having determined that this case was properly removed, the Court turns to the defendant's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Defendant asserts that Plaintiffs' state law claims are 1) preempted by § 301 of the LMRA and 2) committed to the exclusive jurisdiction of the National Labor Relations Board ("the NLRB") under the so-called *Garmon* doctrine. *See San Diego Bldg. Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959) (holding that the NLRB has exclusive jurisdiction over claims arguably subject to §§ 7 and 8 of the National Labor Relations Act). Defendant also asserts that Plaintiffs cannot state a claim under § 301 because they have not exhausted available grievance and arbitration procedures.

### A. Legal Standard

In considering a motion to dismiss for lack of subject matter jurisdiction, a court

must construe the allegations in the complaint in the plaintiff's favor. *Mulvihill v. Spalding Sports Worldwide, Inc.,* 184 F.Supp.2d 99, 101 (D.Mass.2002) (citation omitted). As the party asserting jurisdiction, however, the plaintiff has the burden of establishing that it exists. *Id.* (citing *O'Toole v. Arlington Trust Co.,* 681 F.2d 94, 98 (1st Cir.1982)).

In order to survive a motion to dismiss for failure to state a claim under Fed. R.Civ.P. 12(b)(6), a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000). If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

## B. Application

■ As discussed in detail in the preceding section, most of Plaintiffs' claims (Counts 1–6) seek alternative breach of contract remedies that are inextricably intertwined with the CBA. Because those claims are "substantially dependent upon analysis" of the CBA, they "must either be treated as a § 301 claim . . . or dismissed as pre-empted by federal labor-contract law." *See Allis–Chalmers Corp. v. Lueck,*

471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985) (internal citation omitted). Here, the Plaintiffs' failure to exhaust available grievance procedures under the CBA precludes this Court from treating those claims as having been brought under § 301, and dismissal is thus required. *See id.* at 220–21, 105 S.Ct. 1904.

Plaintiffs' only remaining claim is for violation of M.G.L. c. 151, § 1A. Although the parties do not address that claim separately, this Court believes that such treatment is warranted. Section 1A of Chapter 151 provides, in pertinent part:

Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

M.G.L. c. 151, § 1A.

Unlike Plaintiffs' other causes of action, that statute arguably grants a non-waivable, state law right that exists independently of the CBA. *See Allis–Chalmers,* 471 U.S. at 212, 105 S.Ct. 1904 ("Clearly § 301 does not grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law."). Although resolution of Plaintiffs' overtime claim may require reference to the CBA (for example, to determine employees' rate of pay), the "need to refer merely in passing to the agreement" does not compel preemption. *See Martin v. Shaw's Supermarkets, Inc.,* 105 F.3d 40, 42 (1st Cir.1997). Because that claim presents no "real interpretive dispute," it is arguably not subject to preemption under § 301. *See id.*

This Court, nevertheless, concludes that Plaintiffs' overtime claim ought to be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because the factual allegations in the complaint, taken as true, do not raise the Plaintiffs' right to relief above the speculative level. *See Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. Although Plaintiffs allege that elimination of the coffee breaks results in an extra 40 minutes of work each day, they make no assertion that the additional time results in a work week that exceeds 40 hours.

The complaint states that coffee breaks were taken from 8:45 to 9:05 AM and from 4:25 to 4:45 PM and that the breaks were "at the beginning and end of the shift." Furthermore, employees were permitted to leave at 4:25 PM in lieu of taking the second break because that break "coincided with the end of the scheduled day shift." As counter-intuitive as it seems, the Globe's policy appears to have been to allow mail room employees to arrive at 8:45 AM and immediately take a 20–minute coffee break and then to allow those same employees to take another such break at the end of their shift or, alternatively, leave work 20 minutes early.

In any event, the only reasonable inference that can be drawn from the allegations in the complaint is that, without coffee breaks, Plaintiffs' were required to work, at most, eight hours (from 8:45 AM to 4:45 PM). Although elimination of the coffee breaks undoubtedly required the Plaintiffs' to work more hours than before, the complaint is devoid of any factual allegations (as opposed to legal conclusions) that they, or their mail room colleagues, were required to work more than 40 hours per week as a result of the policy change. *See Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

This Court therefore concludes that Plaintiffs have failed to state a claim pursuant to M.G.L. c. 151, § 1A. Because all of the Plaintiffs' claims are either preempted by § 301 of the LMRA or dismissible for failure to state a claim, the Court declines to consider whether adjudication of those claims is also precluded by the *Garmon* doctrine.

### ORDER

In accordance with the foregoing, Plaintiffs' motion to remand (Docket No. 4) is **DENIED** and defendant's motion to dismiss (Docket No. 3) is **ALLOWED.**

So ordered.